[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL OF FAMILY SUPPORT MAGISTRATE'S DECISION
This is an appeal, brought pursuant to General Statutes 46b-231 (n), of a lump sum payment order entered by Family Support Magistrate Miller on January 9, 1992. Magistrate Miller ordered the defendant to pay $500.00 no later than three weeks from the date of the decision or face the threat of contempt and incarceration. This payment was ordered to offset an arrearage of over $50,000.00 owed by the defendant to the State of Connecticut.
The defendant/appellant Andrew Williams has accrued this large debt to the State of Connecticut via a long history of support monies going to children he has parented with Jacqueline Herbert. For present purposes, the additional facts (existing as of the date of the decision) necessary for consideration of the appeal sub judice are as follows:
1. the Family Support Magistrate found the defendant to owe $50,747.14 to the State of Connecticut for past-due support;
2. the Magistrate's existing repayment order is for $25.00 per week; and,
3. the Magistrate found the defendant to be behind in his payments. (In the last four years the arrearage debt has only decreased by $862.00 although it should have decreased by $5,200.00 given the $25.00 per week repayment schedule.)
The defendant cites the following four grounds of appeal:
1. The Magistrate's decision was violative of Connecticut General Statutes 46b-231 (n)(7)(A). This provision states, in relevant part, that the Superior Court may reverse or modify the Family Support Magistrate's decision if it was ". . .in violation of Constitutional or Statutory provisions." The sole bulwark upon which this ground is bolstered is the defendant's assertion that the Family Support Magistrate's order is, in effect, a modification of the defendant's arrearage due the State. The defendant then proceeds to state that, as a modification, the Magistrate's order fails to meet certain procedural requirements governing the modification of payment orders.
2. The order violates Connecticut General Statutes 46b-231 (n)(7)(C), which states that the Magistrate's decision may be reversed or modified if it was "made upon unlawful procedure." Again, the sole basis for this ground is the claim that the Magistrate's order was effectively a CT Page 4622 modification and, as such, does not meet with certain procedural requirements governing modifications.
3. The order violates Connecticut General Statutes 46b-231 (n)(7)(E). This provision states that the Magistrate's decision may be reversed or modified if it was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
4. The order is violative of Connecticut General Statutes 46b-231 (n)(7)(F) which states that the Magistrate's decision may be modified or reversed if it was "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Connecticut General Statutes 46b-231 (n)(1) provides that, "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal. . . ."
The standard for determining whether a claimant is aggrieved countenances a two-fold test:
1. the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision; and,
2. the party must show that this personal and legal interest has been specially and injuriously affected by the decision.
Huck v. Inland Wetlands and Watercourse Agency, 203 Conn. 525,530, 525 A.2d 940 (1987). Since the Magistrate's decision had a specific detrimental pecuniary affect on the defendant and that decision may have injuriously affected the defendant, the aggrievement requirement has been satisfied.
Connecticut General Statutes 46b-231 (n)(2) further provides that an appeal must be filed within fourteen days of the filing of the Magistrate's decision. As the appeal was filed on January 23, 1992, less than two weeks after the January 9, 1992 decision, this appeal is timely.
DISCUSSION
Defendant's appeal raises a single issue: whether the $500.00 lump sum payment order is proper. Defendant does not brief the issue of incarceration in lieu of his possible failure to make the lump sum payment by the three week deadline. Since issues not briefed on appeal are deemed abandoned, see Matthew CT Page 4623 v. Griffin Hospital, 207 Conn. 125, 129n, 540 A.2d 666 (1988), this court need not concern itself with the validity of the Magistrate's threat to incarcerate the defendant in lieu of his possible failure to obey the Magistrate's order.
A determination that must be made is whether the Magistrate's order should be classified as a "modification" of defendant's payment scheme. If not, this court may dispense with grounds one and two of the appeal as those grounds are solely concerned with modification procedures.
For the following reasons, this court finds that the Magistrate's order is not a "modification."
1. The weekly repayment schedule remains at $25.00 per week.
2. The total arrearage amount, before lump sum payment, remains at $50,747.14.
3. The $500.00 order was entered against a critical backdrop — the appellant, at the time of the Magistrate's decision, was behind in his arrearage repayments by approximately $4,338.00 over the last four years.
4. The only effect that this one time, lump sum payment order will have is to get the appellant back on schedule with the original repayment scheme, causing appellant to conform with the existing schedule. Nothing has been "modified," neither the weekly payment amount nor the total amount of the arrearage. Furthermore, since the appellant has fallen behind by approximately $4,338.00 on the arrearage in the past four years, a $500.00 lump sum payment will still leave the appellant $3,838.00 behind on this secondary debt.
Accordingly, the one time, lump sum payment order does not rise to the level of a "modification." Therefore, grounds one and two of this appeal are now dispensed with.
The remaining two grounds of the appeal concern Connecticut General Statutes 46b-231 (n)(7)(E) and (F). Those provisions provide that a decision of a family magistrate may be reversed or modified if clearly erroneous, arbitrary or capricious or characterized by abuse of discretion.
In ordering the lump sum payment, the Family Support Magistrate took certain findings into account. At the time of the decision, the defendant was working part time in a barbershop in which he had some type of proprietary interest (ownership of a barber's chair). Hearing Transcript ("T"), 4-5. CT Page 4624 The Magistrate found that the defendant owed over $50,000.00 to the State for past due support. (T. 7). The court found that in the last four years the defendant's indebtedness has been reduced by only $862.00. (T. 8). While the defendant's debt decreased by only $862.00, he should have paid $5,200.00 over the four year period, given the $25.00 per week repayment order. In his decision the Family Support Magistrate wrote: "I'm talking about a $50,000.00 debt to the State of Connecticut at $25.00 per week which is $1,300.00 a year, and he's behind in his payments. (T. 7) (Emphasis added.)
The statutes give the Family Support Magistrates a broad range of powers, including the power "to determine, order and enforce payment of any support due because of neglect or refusal to furnish support prior to the action." Connecticut General Statutes 46b-215 (a). (Emphasis added.)
Since the defendant is employed and earning an income, the arrearage due the State exceeds $50,000.00, the $25.00 per week payment order has not been faithfully met, and the defendant is consequently well behind in his payments, the Magistrate's decision concerning the $500.00 lump sum payment is reasonable and properly in accord with the mandates of Connecticut General Statutes 46b-231 (n)(7).
Since the Magistrate's order was not a modification and was not violative of Connecticut General Statutes46b-231(n)(7), the decision of the Family Support Magistrate is affirmed and the defendant's appeal is denied.
KARAZIN, JR., JUDGE